IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

::::::::::::::::::::::::::::::::::::::::::::::::::::
                                :       CHAPTER 13
**BRIAN CRAWFORD**              :
    Debtor  :       CASE NO. 5-14-04414
::::::::::::::::::::::::::::::::::::::::::::::::::::

**DEBTOR'S ANSWER TO THE MOTION OF**
**FOR RELIEF FROM THE AUTOMATIC STAY UNDER §362**

Debtor Brian Crawford, through his undersigned counsel, hereby responds to the Motion for Relief from the Automatic Stay filed by Select Portfolio Servicing, Inc. as follows:

1. Denied. Debtor does not have sufficient information to admit or deny the averments contained in paragraph 1.

2. Admitted.

3. Admitted.

4. Denied. To the extent the averments herein contain legal conclusions, no response is necessary. As to all other averments, strict proof of the averments are required at the time of trial.

5. Denied. To the extent the averments herein contain legal conclusions, no response is necessary. As to all other averments, strict proof of the averments are required at the time of trial.

6. Admitted.

7. Denied. Strict proof of the averments are required at the time of trial.

8. Denied. Strict proof of the averments are required at the time of trial.

9. Denied. Strict proof of the averments are required at the time of trial.

10. Denied. Strict proof of the averments are required at the time of trial.

11. Denied. Strict proof of the averments are required at the time of trial. To the extent the averment no response is required.

11. Denied. Strict proof of the averments are required at the time of trial. To the extent the averment no response is required.

12. Denied. Strict proof of the averments are required at the time of trial.

13. Denied. Strict proof of the averments are required at the time of trial.

14. Denied. Strict proof of the averments are required at the time of trial.

15. Denied. Strict proof of the averments are required at the time of trial.

16. Denied. Strict proof of the averments are required at the time of trial. Movant has not alleged any cause to avoid the 14 day stay under Rule 4001(a)(3). Further, Debtor's proposed Plan provides for the mortgage to be modified to reflect a current value for the property of $149,900.00. If the value is reduced, the Debtor and non-debor, co-obligor would be able to pay the mortgage on a "current" basis.

**WHEREFORE,** the Debtor respectfully requests that this Honorable Court enter an Order denying the Relief requested by Select Portfolio Servicing, Inc. and for such other and further relief is just and appropriate.

Respectfully submitted,

**CONWAY LAW OFFICES, P. C.**

/s/ Mark J. Conway
MARK J. CONWAY (ID #59114)
502 S. Blakely Street
Dunmore, PA 18512
Phone (570) 343-5350
Fax (570) 343-5377

Attorney for Debtor

DATED: April 13, 2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

::::::::::::::::::::::::::::::::::::::::::::::::::
                                : CHAPTER 13
**BRIAN CRAWFORD**              :
    Debtor   : CASE NO. 5-14-04414
::::::::::::::::::::::::::::::::::::::::::::::::::

## CERTIFICATE OF SERVICE

I, Amy L. Marta, Paralegal hereby certify that I caused a true and correct copy of the foregoing Answer to the Motion for Relief From Automatic Stay Under §362 to be served via e-mail to the following:

Charles J. DeHart, III
Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
dehartstaff@pamd13trustee.com

Matthew C. Waldt, Esquire
1 E. Stow Road
Marlton, NJ 08053
mwaldt@milsteadlaw.com

**CONWAY LAW OFFICES, P.C.**

/s/ Amy L. Marta
Amy L. Marta, Paralegal
502 S. Blakely Street
Dunmore, PA 18512
Phone (570) 343-5350
Fax (570) 343-5377

DATED: April 13, 2017